# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-193V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
BRANDI KOSTAL,                         *       Special Master Corcoran
                                       *
                                       *       Filed: November 20, 2017
              Petitioner,              *
       v.                              *       Petitioner's Motion for a Decision;
                                       *       Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                    *       Act; Denial Without Hearing.
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Gary Alvin Bryant*, Willcox & Savage, P.C., Norfolk, VA, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On February 9, 2017, Brandi Kostal filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine received on April 8, 2014 and the Measles, Mumps, Rubella ("MMR") vaccine received on April 10, 2014, caused a significant aggravation to her pre-existing idiopathic thrombocytopenic purpura ("ITP'), and also a table claim based on her ITP. *See* Petition ("Pet.") (ECF No. 1) at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing medical records in mid-March 2017, the parties filed the Joint Statement of Completion on May 17, 2017. ECF No. 12. Thereafter, Respondent filed a Rule 4(c) Report on July 14, 2017, contesting Petitioner's right to damages, and requesting dismissal of the claim (ECF No. 13).

I subsequently issued an order on July 24, 2017, directing Petitioner to indicate if she intended to continue with her table claim by August, 25, 2017, and also propose a deadline for an expert to offer an opinion on her non-table claim. On August 25, 2017, after Petitioner requested an extension of time to supplement the record, I issued an additional order directing Petitioner to show cause as to why her table claim should not be dismissed. I also directed Petitioner to file an expert report in support of her non-table claim on or before November 24, 2017. Petitioner responded to the show cause order on September 29, 2017, stating that she did not object to the dismissal of her table claim (ECF No. 16). Thereafter, I issued an order dismissing Petitioner's table claim on October 4, 2017. ECF No. 17.

On November 20, 2017, Petitioner filed the present motion to dismiss her non-table claim, indicating that her retained expert cannot offer a supporting opinion, and expressing her view she therefore is unlikely to be able to prove entitlement to compensation in this case. *See* Motion for Decision, dated Nov. 20, 2017 (ECF No. 20).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). The table claim previously asserted in this case, however, has been dismissed. Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran

Special Master