# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-193V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BRANDI KOSTAL, | * | Special Master Corcoran |
| | * | |
| | * | |
| Petitioner, | * | Filed: February 21, 2018 |
| | * | |
| v. | * | Decision; Final Attorney's Fees and Costs; |
| | * | Local Versus Forum Rates. |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Gary Alvin Bryant*, Willcox & Savage, P.C, Norfolk, VA, for Petitioner.

*Debra A. Filteau Begley*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS [1]

On February 9, 2017, Brandi Kostal filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). Petitioner alleged that the DPT vaccine she received on April 8, 2014, and the MMR vaccine she received on April 10, 2014, caused her to suffer a significant aggravation of her existing idiopathic thrombocytopenic purpura ("ITP").[2] On November 20, 2017, Petitioner filed a Motion requesting dismissal of her

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

claim (ECF No. 20), and I issued a Decision that same day dismissing the case for insufficient proof (ECF No. 21).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated January 15, 2018. *See* Motion for Attorney's Fees and Costs, dated Jan. 15, 2018 (ECF No. 24) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $61,579.68 (representing $54,511.50 in attorney's fees, plus $7,068.18 in costs). *Id.* at 1. For the reasons stated below, I hereby grant the motion in part, awarding a total sum of **$53,638.68** (representing $46,570.50 in attorney's fees, plus $7,068.18 in costs).

## Factual and Procedural Background

The primary attorney to have worked on this case is Gary Bryant of the law firm Willcox & Savage, P.C. (the "Willcox Firm"), in Norfolk, Virginia. The billing invoices filed in connection with the present fee request reveal the work he performed on the matter. *See generally* Ex. 2 to Fees App at 2-20 (ECF No. 24-2). According to the billing record, the Willcox Firm began working on the case in April 2015 - nearly two years prior to its filing. *See* Ex. A to Fees App. at 1. Throughout that time period, the majority of work performed included obtaining and reviewing medical records, as well as communicating with Petitioner and investigating possible experts to opine in the matter. There is little evidence in the billing record that the Willcox Firm was overworking the case prior to its initiation.

Thereafter, the case proceeded in a timely manner. Petitioner filed a joint statement of completion on May 17, 2017 (ECF No. 12). Respondent file her Rule 4(c) Report contesting Petitioner's entitlement to damages on July 14, 2017 (ECF No. 13).  Subsequently, I allocated Petitioner some time to find an expert to support her claim. After an extension of time to continue her search, Petitioner filed a Motion for Decision Dismissing her Petition on November 20, 2017 (ECF No. 20). I issued a decision dismissing the Petition that same day (ECF No. 21).

## Fees Request

With respect to the fees side of the present request, Petitioner specifically requests $390 per hour for her counsel, Mr. Gary Bryant (a partner with thirty years of experience), for 132.50 hours work performed in 2015-2017. Ex. 2 to Fees App. at 19. In addition, Petitioner requests rates of $155 per hour for 18.30 hours of work performed by a paralegal (with twenty-five years of experience) in 2015-2017. *Id.*

Petitioner also requests reimbursement for costs amounting to $7,068.18. Ex. 2 to Fees App. at 19. The total cost requested reflects expenses for medical records requests, mailing fees,

and the filing fee. *Id.* The requested costs also include $5,295.00 for expert services rendered by Dr. Eric Gershwin. *Id.* Counsel stated in his affidavit that Petitioner has not incurred any personal costs in this matter.[3] *See* Ex. 1 to Fees App. at 2.

Respondent filed a response reacting to the fees request on January 29, 2018, indicating that she was satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 25 at 2-3.

## Analysis

### I. Relevant Law Governing Attorney's Fees

I have in other decisions addressed at length the legal standard applicable to evaluating the propriety of a fees request in an unsuccessful case. *See R.V. v. Sec'y of Health & Human Servs.*, No. 08-504V, 2016 WL 7575568 (Fed. Cl. Spec. Mstr. Nov. 28, 2016); *Lemaire v. Sec'y of Health & Human Servs.*, No. 13-681V, 2016 WL 5224400 (Fed. Cl. Spec. Mstr. Aug. 12, 2016). At bottom, even unsuccessful petitioners may be awarded reasonable fees and costs if, in the special master's exercise of discretion, such an award is appropriate (and, as in the case of successful claims, if the requested fees and costs are reasonable). The primary factors to be considered under such circumstances are whether (a) the petition was brought in good faith; and (b) there was reasonable basis for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). Determining whether a petition was filed in good faith is a subjective inquiry, and can be established as long as the petitioner demonstrates an honest belief that he has suffered a compensable injury. *Lemaire*, 2017 WL 5224400, at *3. A claim's reasonable basis involves application of objective criteria which looks to the feasibility of the claim, and not to the claim's likelihood of success. *Id.* at 4.

After the overall propriety of a fees award is determined, the next step is to evaluate the appropriate amount of a fees to award: a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down. *Avera*, 515 F.3d at 1348.

---

[3] Petitioner did not file a General Order No. 9 Statement in connection with her fee application setting forth any other personal costs not reimbursed to date. I therefore deem Petitioner to have waived any additional costs not otherwise requested herein.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera,* 515 F.3d at 1348 (Fed. Cir. 2008, citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  As the Federal Circuit stated in *Avera*, inclusion of the *Davis* exception ensures against a "windfall" – meaning paying a lawyer in a rural or less expensive locale more than she would otherwise earn, simply because she is litigating a case in a court of national jurisdiction. *Avera,* 515 F.3d at1349.

After the hourly rate is determined, the reasonableness of the total hours expended must be determined. *Sabella*, 86 Fed. Cl. at 205-06. This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 437(1983).

As mentioned above, even in cases that are dismissed, attorneys representing Vaccine Program claimants may still receive a fees and costs award, assuming the matter was filed in good faith and had reasonable basis during its life. Here, Respondent does not assert that the matter lacked reasonable basis prior to Petitioner's decision to seek dismissal, nor does Respondent question Petitioner's good faith in filing the claim. I also do not find otherwise, based on my overall review of the record. Claims alleging a vaccine-induced ITP injury are commonly litigated in the Program (both successfully and unsuccessfully). *See, e.g.*, *Johnson v. Sec'y of Health & Human Servs.*, No. 14-113V, 2017 WL 772534 (Fed. Cl. Spec. Mstr. Jan. 6, 2017); *Ebenstein v. Sec'y of Health & Human Servs.*, No. 06-0573V, 2010 WL 51133185 (Fed. Cl. Spec. Mstr. Sept. 1, 2010). The allegations and medical records generally establish a basis for this claim, despite its dismissal. Thus, in light of the above, I find that Petitioner is entitled to an award of attorney's fees and costs despite the unsuccessful nature of the claim.

## II. The Wilcox & Savage Firm Should Receive Forum Rates

In prior decisions involving whether an attorney should receive a forum rate, I have looked to federal district court decisions from the relevant geographic location to assess what attorneys receive for fee awards doing work comparable to that performed in Vaccine Act cases. *See, e.g., Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). While there are many federal fee-shifting statutes that provide for attorney's fees, not all work performed under such statutes is the equivalent. Although Vaccine Act work can involve complex scientific and medical matters, the actual attorney work has long been deemed somewhat less demanding, given the relaxed evidentiary standards, absence of discovery and attendant disputes, and role the special masters play in helping resolve cases. *See Dezern*, 2016

4

WL 6678496, at *4 (citing *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)). As a result, district court fees awards from the lawyer's practice locale and under federal statutes involving attorney work *comparable* to that performed in the Vaccine Program are the proper benchmark for evaluating whether an attorney's hourly rate would be deemed a forum rate in the Program. *See Ochoa v. Sec'y of Health & Human Servs.*, No. 16-627V, 2017 WL 6350600, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); *Rivera v. Sec'y of Health & Human Servs.*, No. 15-487V, 2017 WL 2460690, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2017); *Dezern*, 2016 WL 6678496, at *5.

In the present case, although Petitioner does not specifically argue that Norfolk, Virginia is an in-forum locale, Petitioner does request that her counsel be compensated at a rate consistent with those set forth in *McCulloch* for in-forum practitioners. In her fee application, Petitioner states that her counsel's rate is warranted based on the complexity of the claims and medical records involved (evidencing an alleged significant aggravation of ITP). *See* Fees App. at 2. Petitioner also states that counsel's rate of $390 per hour is already a "significantly reduced" hourly rate. *Id.* However, these statements do not evidence the rate paid to a Norfolk attorney under a comparable fee-shifting statute.

In keeping with my inquisitorial role in deciding the matters before me, I have conducted my own review of a sampling of federal fees decisions from Virginia district courts applying Norfolk rates, which suggest a wide variety of awards, depending on the nature of work performed, under comparable fee-shifting statutes. As the chart below illustrates, rates range from $500 per hour to $75 per hour depending on position and experience:

| Case Name | Claim Type | Rate | Attorney's Experience |
|---|---|---|---|
| *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 597 (E.D. Va. 2016) (Norfolk Div.). | FLSA* | $475<br>$325<br>$295<br>$200<br>$75 | Partner (30+ years)<br>Associate (16 years)<br>Associate (6 years)<br>Associate (3 years)<br>Staff |
| *Carr v. Rest Inn, Inc.*, No. 2:14-cv-609, 2015 WL 5177600, at *4 (E.D. Va. Sept. 3, 2015) (Norfolk Div.). | | $500/hr<br>$375-395<br>$275-310<br>$75 | Partner (30+)<br>Partner (30+)<br>Partner (19 years)<br>Paralegal |
| *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11-cv-344, 2013 WL 1897027, at *6 (E.D. Va. Apr. 12, 2013) (Norfolk Div.). | | $350/hr<br>$250<br>$100 | Attorney (30+ years)<br>Attorney (7 years)<br>Staff |

| | | | |
|---|---|---|---|
| *Bickley v. Gregory*, No. 2:16-cv-131, 2016 WL 6306148, at *10 (E.D. Va. Oct. 7, 2016) (Norfolk Div.). | FDCPA* | $300/hr | Attorney (10 years) |
| *Lundie v. Smith & Cohen, LLC*, No. 2:15-cv-291, 2016 WL 717113, at *6 (E.D. Va. Jan. 26, 2016) (Norfolk Div.). | | $400/hr $250 $125 $100 | Partner Junior Associate Paralegal/Law Clerks Staff |
| *Richardson v. William Sneider & Assocs., LLC*, No. 4:12-cv-25, 2012 WL 3525625, at *11 (E.D. Va. July 24, 2012) (Newport News Div.). | | $275 | Attorney (7 years) |
| * Fair Labor Standards Act (FLSA); Federal Debt Collection Practices Act (FDCPA) | | | |
| | | | |

After consideration of the aforementioned law and facts, I conclude that the difference between the local rates in Norfolk awarded under comparable fee-shifting statues and the forum rates are insufficiently different to apply the *Davis* exception. The *McCulloch* rate range for an attorney with comparable experience to Mr. Bryant's 30 years of practice is $350-$415 per hour, with $415 being the high-end rate. *McCulloch,* 2015 WL 5634323, at *19. That amount is not significantly different from what an attorney in the Norfolk area would be paid for comparable work under a federal fee-shifting statute. Because the *Davis* exception will not apply, I will award the Wilcox & Savage Firm in-forum rates.

## III. Attorney's Fees and Costs to be Awarded to Counsel

Although the requested rates for Mr. Bryant are consistent with the rates set forth in *McCulloch*, I will reduce counsel's requested rate to better reflect counsel's experience in the Vaccine Program. The current *McCulloch* fee range for an attorney with thirty years of practice experience is $350-415 per hour.[4]  It is common in the Vaccine program for special masters to consider counsel's experience in the Program when determining the proper rate to be awarded. *See, e.g.*, *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *12 (Fed.

---

[4]  Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 (available at https://www.uscfc.uscourts.gov/node/2914 ) ("OSM Hourly Rate Chart").

Cl. Spec. Mstr. May 20, 2016). I will reduce Mr. Bryant's rate to $360 per hour for his work on this matter, as it is more appropriate in light of the fact that this appears to be his first Program case.

As noted, besides determining the reasonableness of hourly rates, I am also empowered to determine the reasonableness of hours expended on a matter. Upon reviewing counsel's billing record, I have found instances of unnecessary time entries. For example, I observed numerous instances in the record where Mr. Bryant billed between 1.1 and 2.4 hours for reviewing and exchanging emails that likely only required a fraction of that time to review. *See, e.g.*, Ex. 2 to Fees App. at 4-5 (charging 2.4 hours for email exchanges with Petitioner), 9-10 (charging 2.2 hours for email exchanges with Petitioner), 13-15 (charging 2.1 hours for "receipt and review" of emails from Petitioner), and 17 (charging 1.4 hours for "detailed" email to Petitioner). Indeed, the billing record reveals other instances where Mr. Bryant reviewed emails for an appropriate time, for example between .1 and .6 hours. *Id.* at 2-3, 10-11.

Excessive time was also devoted to procedural matters, such as reviewing Vaccine Program rules. Ex. 2 to Fees App. at 8 (charging .7 hours for reviewing Program rules to determine deadline for filing), 10 (charging .2 hours for reviewing Program rules relevant to filing the Petition). The Program does not compensate attorneys for work related to counsel's familiarizing himself with Program rules. *See Lord v. Sec'y of Health & Human Servs*., No. 12-255V, 2016 WL 3960445, at *4 (Fed. Cl. Spec. Mstr. June 30, 2016).

Finally, it appears that some of counsel's work is duplicative of work completed by his paralegal.  Ex. 2 to Fees App. at 9 (charging 2.2 hours for an email exchange and assembling documents where paralegal also charged 1.3 hours for assembling documents), 12 (charging 1.8 hours for final review of documentation needed for filing the Petition where paralegal also charged .3 hours assisting with assembling documentation).

Given the above, I will reduce the number of hours awarded to counsel and compensate him at a rate of $360 per hour for 122.5 hours of work (resulting in a reduction of 6 hours for over-reviewing emails and exchanges, 1 hour for reviewing Program rules, and 3 hours for duplicative work). This results in an attorney fees award of $44,100.00 (an overall reduction of Mr. Bryant's fee award by $7,575.00).

Overall, I have concerns with the total amount of attorney time devoted to this matter. A case to which counsel devotes significant pre-filing time, but later dismisses, should not "cost" as much as it did herein. In other circumstances (for example, where an attorney has demonstrated Vaccine Program experience) I would likely make a larger blanket reduction in fees, as special masters are empowered to do. However, because (except for the instances specified above) the

billing records demonstrate that counsel was reasonable in the tasks performed, and because Petitioner opted to dismiss the case once it was clear that she could not obtain expert support for her claim, a fees award is appropriate despite the unsuccessful nature of the claim overall.

In addition, Petitioner requests $155 per hour for 18.30 hours by one paralegal for 2015-2017. These rates requested for paralegal time will also be reduced consistent with *McCulloch*. According to *McCulloch*, paralegal time is awarded within a range of $125-$145 per hour. *McCulloch*, 2015 WL 5634323, at *19. I will award paralegal time at a rate of $135 per hour in the amount of $2,470.50 (resulting in a $366.00 reduction in paralegal fees). In sum, I will award Petitioner a total of $46,570.50 in fees (representing $44,100.00 for attorney time and $2,470.50 for paralegal time).

Petitioner also requests reimbursement for costs, amounting to $7,068.18. Ex. 2 to Fees App. at 19. The total cost requested reflects expenses for medical records requests, mailing fees, and the filing fee. *Id.* The requested costs also include $5,295.00 for expert services rendered by Dr. Eric Gershwin (representing a $5,000.00 retainer for an initial case review, and a $295.00 case initiation fee). *Id.*; Fees App. at 2. Petitioner stated that Dr. Gershwin's review ultimately resulted in Petitioner dismissing her claim. *Id.* Thus, in my view, Dr. Gershwin's advice was instrumental in the decision to dismiss the matter, and he should be compensated for his work on this matter.[5] The remainder of the costs related to this matter appear to be reasonable, and will be awarded in full.

### Conclusion

I hereby GRANT in part Petitioner's motion for attorney's fees and costs. Accordingly, an award **$53,638.68** (representing $46,570.50 in attorney's fees, plus $7,068.18 in costs) should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Gary Bryant, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

---

[5] In other Program cases, Dr. Gershwin charges a rate of $500 per hour. *See, e.g., Hogan v. Sec'y of Health & Human Servs.,* No. 13-780V, 2017 WL 3585648, at *4 (Fed. Cl. Spec. Mstr. July 24, 2017); *Rosof v. Sec'y of Health & Human Servs.,* No. 14-766V, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017); *I.H. v. Sec'y of Health & Human Servs.,* No. 13-766V, 2016 WL 7666536 (Fed. Cl. Spec. Mstr. Dec. 16, 2016). In the present case, Petitioner's requested reimbursement for Dr. Gershwin's work amounts to a total of 10 hours at a rate of $500 per hour. I find this rate to be reasonable in light of the services performed.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master